UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALICIA DAWSON | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-458-SDJ |
| | § | |
| WAL-MART STORES, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER ON JURISDICTION

Before the Court is Defendant Minuteman International, Inc.'s Notice of Removal. (Dkt. #1). This case raises a question of federal jurisdiction concerning the citizenship of a "statutory business trust." (Dkt. #1 at 3). Having reviewed Minuteman International's jurisdictional allegations and the relevant case law, the Court concludes that federal jurisdiction is proper.

## I.

There are four parties in this case. The notice of removal's citizenship allegations for three of the parties are plainly sufficient to establish those parties' respective citizenships for the purposes of invoking the Court's diversity jurisdiction:

> 6. Plaintiff Alicia Dawson is a citizen of Texas and a resident of Nueces County, Texas. Therefore, for diversity purposes, Plaintiff is a citizen of Texas.
>
> 7. Defendant Walmart Stores, Inc., is a foreign corporation organized under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. As a corporation, therefore, the citizenship of Walmart Stores, Inc. is Delaware and Arkansas.
>
> ***
>
> 9. Defendant Minuteman International, Inc. is an Illinois corporation with its principal place of business located at 14N845 U.S. Route 20 Pingree Grove, IL 60140. As a corporation[,] therefore, the citizenship of Minuteman International is Illinois.

1

(Dkt. #1 at 2–3 ¶¶ 6–7, 9).[1]

However, the citizenship of Defendant Wal-Mart Stores Texas, LLC is more complicated, with the notice alleging as follows:

> 8. Defendant Wal-Mart Stores Texas, LLC, is, by virtue of the citizenship of all of its members, a citizen of Delaware and Arkansas. Wal-Mart Stores Texas, LLC is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. Wal-Mart Stores Texas, LLC has one member, Wal-Mart Real Estate Business Trust. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal places of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the state of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas. As a result of the citizenship of each member of Wal-Mart Stores Texas, LLC and all parent entities in its family of entities, the citizenship of Defendant Wal-Mart Stores Texas, LLC is Delaware and Arkansas.

---

[1] The Court notes that allegations of "residence" are insufficient to establish an individual party's citizenship. As such, the notice of removal's allegation that "Plaintiff Alicia Dawson is . . . a resident of Nueces County, Texas," does little work towards adequately alleging Dawson's citizenship. However, the removal notice contains the independent allegation that Dawson "is a citizen of Texas," and therefore, Dawson's citizenship is adequately alleged.

(Dkt. #1 at 2–3 ¶ 8).[2] The Court agrees that Wal-Mart Stores Texas, LLC is indeed a citizen of both Delaware and Arkansas. But the reasons why this is so reveal that a significant portion of the citizenship allegations concerning this Defendant are superfluous to the relevant jurisdictional inquiry.

## II.

Minuteman International alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332 due to diversity in the parties' citizenships. "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). Citizenship of an entity depends on its form. For example, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And a limited-liability company ("LLC") or a partnership is a citizen where each of its members or partners is a citizen. *E.g.*, *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

---

[2] The Court is aware of two district court orders that, in denying motions to remand, found the above allegations sufficient to establish that Defendant Wal-Mart Stores Texas, LLC, for purposes of federal diversity jurisdiction, is a citizen of both Delaware and Arkansas. *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2085, 2016 WL 5815892, at *6 (N.D. Tex. Oct. 5, 2016); *Ruelas v. Wal-Mart*, No. 4:12-CV-729, 2013 WL 949344, at *2 (E.D. Tex. Jan. 30, 2013), *report and recommendation adopted by* 2013 WL 943412 (E.D. Tex. Mar. 8, 2013).

Because citizenship is form-dependent, different business associations are charged with presenting different factual allegations to establish citizenship. "[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state[(s)] of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). Allegations regarding the citizenship of an LLC or partnership must allege the citizenship of each member or partner. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Moreover, when a party is an LLC or partnership that is itself made up of corporations, LLCs, or partnerships, the citizenship of each member- or partner-entity must also be alleged in accordance with the above requirements. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F.App'x 765, 768 (5th Cir. 2015) (per curiam) (holding that the "appropriate tests for citizenship involve tracing entities' citizenships down the various organizational layers where necessary" (cleaned up)); *see also, e.g., Thomason v. Outback Steakhouse of Fla., L.L.C.*, No. 1:17-CV-01541, 2019 WL 3526839, at *1 n.1 (W.D. La. May 14, 2019) (holding that, where a defendant LLC's sole member was itself an LLC, and the member LLC's sole member was a Delaware corporation with its principal place of business in Florida, the defendant LLC's citizenship was both Delaware and Florida).

Therefore, with the above understanding in hand, it becomes clear that the only relevant jurisdictional allegations concerning Defendant Wal-Mart Stores Texas, LLC are as follows:

4

Wal-Mart Stores Texas, LLC
(an LLC with one member, Wal-Mart Real Estate Trust)

↓

Wal-Mart Real Estate Trust
(a Delaware statutory business trust wholly owned by Wal-Mart Property Co.)

↓

Wal-Mart Property Co.
(a Delaware corporation with its principal place of business in Arkansas)

The lengthy, additional allegations in Minuteman International's removal notice concerning Wal-Mart Property Co.'s ownership are unnecessary to the jurisdictional inquiry. This is because, as a corporation, Wal-Mart Property Co.'s citizenship depends *only* on its state of incorporation and its principal place of business. *Neeley*, 757 F.2d at 634 n.18. The citizenships of the shareholders of a corporation are irrelevant to the Court's jurisdictional inquiry. *See, e.g., Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 484 (5th Cir. 2014) (holding that "a corporation's shareholders' citizenships are irrelevant to diversity jurisdiction under § 1332(c)(1); a corporation is the citizen of its principal place of business and place of incorporation"). In sum, there was no need for Minuteman International to allege the respective citizenships of the various owners of Wal-Mart Property Co.

### III.

One jurisdictional question remains—what is the citizenship of Wal-Mart Real Estate Trust, an alleged "statutory business trust organized under the laws of Delaware"? (Dkt. #1 at 3). Recent precedent makes that answer clear, particularly the Supreme Court decision *Americold Realty Trust v. Conagra Foods, Inc.*, which

5

determined "the citizenship of a 'real estate investment trust,' an inanimate creature of Maryland law." 577 U.S. 378, 379, 136 S.Ct. 1012, 194 L.Ed.2d 71 (2016). The core teachings from *Americold* are as follows. First, where an entity is not a corporation—such as the petitioner in *Americold*, Americold Realty Trust—said entity "possesses its members' citizenship." *Id.* at 382. Second, to make diversity determinations for such entities, the Court looked to state law relevant to the nature and ownership of non-corporate business organizations. Thus, the Court pointed to Maryland law providing that "a real estate investment trust is an 'unincorporated business trust or association' in which property is held and managed for the benefit and profit of any person who may become a shareholder." *Id.* (quotations omitted). And because Maryland law defines real estate investment trusts (such as Americold) as being "managed for the benefit and profit of any person who may become a shareholder," the Court concluded that, "for purposes of diversity jurisdiction, Americold's members include its shareholders." *Id.*

While concerning itself only with Maryland "real estate investment trusts," *Americold* nonetheless applies to this case given its holding that, while many States "have applied the 'trust' label to a variety of unincorporated entities that have little in common" with traditional trusts, the "oft-repeated rule" of citizenship still obtains: an unincorporated entity "possesses the citizenship of all its members." *Id.* at 383. As relevant here, a Delaware statutory business trust, such as Wal-Mart Real Estate Trust, is an unincorporated association. DEL. CODE. ANN. TIT. 12 § 3081(i). And, under Delaware law, any owner of a beneficial interest in a statutory trust is known as a

"beneficial owner." *Id.* § 3801(a). "As a statutory business trust, the proper calculus for determining diversity jurisdiction is the citizenship of each of the members or beneficiaries of the trust." *Ventures Tr. 2013-I-H-R v. Shores Villas Condo. Assoc., Inc.*, No. 16-21677, 2016 WL 4542160, at *2 (S.D. Fla. Aug. 31, 2016); *cf. GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 39 (3d Cir. 2018) ("In sum, following the clarification in *Americold Realty*, the citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners."). Accordingly, Wal-Mart Real Estate Trust possesses the citizenship of all its owners, which here, is a single entity—Wal-Mart Property Co.

Thus, in evaluating diversity the Court notes that Wal-Mart Stores Texas, LLC is comprised of its single member Wal-Mart Real Estate Trust, a Delaware statutory business trust owned entirely by Wal-Mart Property Co.—a Delaware corporation with its principal place of business in Arkansas. Thus, Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

Altogether, as Plaintiff is alleged to be a citizen of Texas, and Defendants are variously alleged to be citizens of Delaware, Arkansas, and Illinois, complete diversity has been established.

### III.

For the foregoing reasons, it is **ORDERED** that federal diversity jurisdiction under 28 U.S.C. § 1332 has been established.

**So ORDERED and SIGNED this 30th day of June, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE